<u>**CONFIDENTIAL SETTLEMENT AGREEMENT**</u>

**THIS CONFIDENTIAL SETTLEMENT AGREEMENT** (the "Settlement Agreement") is made by and between the Plaintiff, Mark Maness (the "Plaintiff"), and the Defendants, J.D. Sanders, Inc., Dell M. Sanders, and J.D. Sanders, Jr. (collectively, the "Defendants").

<u>**RECITALS**</u>

A.  The Plaintiff has a claim for unpaid overtime and retaliation styled Mark Maness v. J.D. Sanders, Inc. et al., currently pending in the Northern District of Florida, Gainesville Division, Case No. 1:15-cv-114-MW-GRJ (the "Civil Action"), alleging that the Defendants violated the Fair Labor Standards Act (the "FLSA").

B.  The Defendants deny that they are liable to the Plaintiff under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of the Plaintiff's business relationship with the Defendants. The Plaintiff acknowledges that the Defendants' settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing regarding the Plaintiff's business relationship with the Defendants, and that the Defendants are settling this matter to avoid any further cost and expense of litigation;

C.  The parties are entering into this Settlement Agreement for the purposes of settling, compromising and resolving any and all claims the Plaintiff may have against the Defendants, whether under the FLSA, or otherwise;

D.  The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement. The purpose of this Settlement Agreement is to settle and compromise any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to the execution of this Settlement Agreement. Each party believes settlement of the Civil Action, and all other possible disputes between the parties, is in their mutual best interests; and

E.  The parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1.  **Settlement Funds.** The Plaintiff hereby agrees to accept from the Defendants, collectively, the total sum of $12,500.00 (the "Settlement Payment") in full settlement and satisfaction of all the Plaintiff's claims against the Defendants existing prior to the execution of this Settlement Agreement, including, but not limited to, the Plaintiff's claims for attorneys' fees and costs, and shall constitute the only sums to be paid by the Defendants to the Plaintiff or the Plaintiff's attorneys. The payments shall be made as follows: (1) a check in the amount of $2,750.00 to the Plaintiff for unpaid overtime, less any applicable taxes and withholdings; (2) a check in the amount of $2,750.00 to the Plaintiff for liquidated damages related to his unpaid

wage claims; (3) a check in the amount of $1,000.00 to the Plaintiff for his retaliation claim and and a (4) check in the amount of $1,000.00 for the General Release in paragraph 4; and a (5) check in the amount of $5,000.00 to Nelson, Bisconti & McClain, L.L.C. for the Plaintiff's attorneys' fees and costs. The Defendants shall issue the appropriate tax forms in connection with these checks.

       2. **Judicial Approval of Settlement/Dismissal of Civil Actions.** Within ten (10) business days following the execution of this Settlement Agreement by all parties, the Plaintiff's attorney shall prepare and file a Motion seeeking Court's approval of this Settlement Agreement. The parties will both cooperate and work together in good faith to obtain such Court approval including, if necessary, the filing of a revised Motion. The parties agree that, at the Defendants' sole option and in the Defendants' sole discretion, this Settlement Agreement shall be null and void in the event that, despite the parties good faith efforts, the Court fails to approve this Settlement Agreement and/or if the Court fails to dismiss the Civil Action with prejudice.

       3. **Payment of Settlement Funds.** The Defendants shall deliver the settlement checks to the Plaintiff's counsel within ten (10) business days after the Court approves the settlement and dismisses the Civil Action with prejudice.

       4. **The Plaintiff's General Release of All Claims.** For consideration that he is otherwise not entitled to, the Plaintiff, on his own behalf and for his spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns, covenants not to sue, and expressly releases, and holds harmless the Defendants, and their parents, subsidiaries, affiliates and related companies, and each and all of their current and former agents, owners, employees, officers, shareholders, directors, attorneys, insurers, accountants, successors and assigns (collectively "the Releasees") from any and all rights, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, causes of action of any nature whatsoever arising at law or in equity, which the Plaintiff may have had, may now have or may have in the future, both known and unknown, against the Defendants, from the beginning of the world to the date of this Settlement Agreement, including, but not limited to, any claims that the Plaintiff has asserted, could assert, or could have asserted against the Defendants in any way arising out of his business relationship (and employment) with the Defendants. The rights and claims referred to in this paragraph include, but are not limited to, those which could arise under Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Fair Labor Standards Act, and any other federal, state, or local law, or any contract or common law. This Release is given in exchange for consideration that the Plaintiff was not otherwise entitled to.

       5. **The Defendants' General Release of All Claims.** The Defendants, and their related or affiliated entities, hereby covenant not to sue and release the Plaintiff from any and all rights, claims, suits, debts, dues, sums of money, accounts, contracts, controversies, agreements, promises, judgments, executions, liens, demands, damages, actions, and causes of action of any nature whatsoever arising at law or in equity, which the Defendants may have had, may now have or may have in the future, both known and unknown, against the Plaintiff from the

beginning of the world to the date of this Agreement, including, but not limited to, those claims the Defendants could have asserted in the Civil Action.

6. **No Other Suits or Claims.**  The Plaintiff, by and through his attorneys, represents that he has no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against the Defendants, or against any of the Defendants' current or former employees, owners, officers, directors, partners, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board, other than the Civil Action. The Plaintiff will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, the Defendants, their current or former employees, owners, officers, directors, partners, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict the Plaintiff from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency.

7. **No Right to Reemployment.**  The Plaintiff shall have no right to reinstatement or further employment with the Defendants. This Settlement Agreement shall constitute a legitimate, non-discriminatory and non-retaliatory reason for refusal to employ the Plaintiff.

8. **Indemnification.**  The Plaintiff agrees to indemnify and hold harmless the Defendants from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Payment set forth in paragraph 1, however, the Plaintiff shall not be responsible for any tax related payments which were or are the Defendants' sole lawful obligation to pay. The Plaintiff further agrees to indemnify and hold harmless the Defendants from any claims of any attorney or law firm purporting to represent or to have represented the Plaintiff in any dispute with the Defendants that is being released by this Agreement.

9. **Confidentiality and Non-Disparagement.**  The Plaintiff agrees to hold and maintain in strictest confidence the terms and conditions of this Settlement Agreement, and promises not to disclose the terms and conditions to any person, group, media or entity of any kind whatsoever. Moreover, the Plaintiff expressly agrees not to discuss anything else directly or indirectly related to the Civil Action with anyone other than his attorneys, who also agree not to disclose this Settlement Agreement to any third party. The Plaintiff may use this Settlement Agreement as evidence in a subsequent proceeding concerning allegations of a breach of the Settlement Agreement.  If the Plaintiff is subpoenaed, receives other legal process, or is otherwise potentially required to disclose the existence or terms of this Settlement Agreement, he will notify the Defendants within ten (10) business days before responding to any subpoena, court order, legal process, or administrative request.  The Plaintiff further agrees to cooperate

fully with the Defendants when preparing the appropriate response to any such subpoena or other legal request.

10. **Neutral Reference.** The Defendants will only provide the Plaintiff's name, dates of employment, and last position held in response to employment inquiries.

11. **No Admission of Liability.** The Plaintiff understands and agrees that the Defendants admit no liability with respect to the Civil Action, or any other claim related to or arising out of employment with the Defendants.

12. **Enforcement.** The parties hereto agree that the United States District Court for the Northern District of Florida, Gainesville Division shall retain jurisdiction to enforce the terms of this Settlement Agreement. Any party shall have the right specifically to enforce this Settlement Agreement, except for provisions which subsequently may be held invalid or unenforceable. In an action to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs from the non-prevailing party.

13. **Severability and Survival.** If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

14. **Controlling Law and Venue.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida, as they are applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary. In addition, the Plaintiff acknowledges that jurisdiction and venue shall lie exclusively in the federal or state courts located within Alachua County, Florida, over any claims arising under or relating to this Settlement Agreement.

15. **Authorship.** All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16. **Execution in Counterparts.** The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17. **Recitals.** The recitals are incorporated by reference.

18. **Entire Agreement.** This Settlement Agreement contains the entire agreement between the parties and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained herein shall be binding on such party.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the 30 day of October, 2015.

4

_____
**MARK MANESS**

STATE OF FLORIDA　　)
　　　　　　　　　　) ss:
COUNTY OF Alachua　)

KELVIN D. FORD
Notary Public, State of Florida
Commission # EE 863876
My comm. expires Jan. 09, 2017

The foregoing instrument was acknowledged before me this 27 day of October, 2015, by Mark Maness who is personally known to me or who has produced Florida Driver's Lic. (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

Kelvin D. Ford
_____
(Print, Type or Stamp Commissioned Name of Notary Public)


**J.D. SANDERS, INC.**

By: _____

Its: VP

_____
**DELL M. SANDERS**

_____
**J. D. SANDERS, JR.**

607542356.1

5